**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NICOLE INFANTE,** | |
| **Plaintiff,** | **CIVIL ACTION NO. _____** |
| **v.** | **JURY TRIAL DEMANDED** |
| **KYLE DAVID GROUP, LLC,** | |
| **Defendant.** | |

## COMPLAINT AND JURY DEMAND

Plaintiff Nicole Infante, by and through her attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages and other relief on behalf of Plaintiff Nicole Infante (hereinafter "Plaintiff" or "Ms. Infante"), a former employee of Kyle David Group, LLC, (hereinafter "KDG" or "Defendant"). Despite her loyalty and consistent performance, Ms. Infante was subjected to discrimination and harassment on the basis of her sex, culminating in her wrongful termination on June 10, 2025.

2. This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), et seq., and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4.      The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5.      This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6.      All conditions precedent to the institution of this suit have been fulfilled. On August 1, 2025, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On May 6, 2026, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.  With respect to the PHRA claims herein, it has been greater than one year since Ms. Infante dual-filed her EEOC Charge as a Complaint with the PHRC.

## VENUE

7.      This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

8.      This action properly lies in the Eastern District of Pennsylvania because significant activities associated with the claims alleged took place in this jurisdiction and because Plaintiff was employed and terminated by Defendant in this jurisdiction.

## PARTIES

9.      Plaintiff Nicole Infante is an adult female citizen and resident of Quakertown, Pennsylvania and the United States of America.

10.     Defendant Kyle David Group, LLC ("KDG") is a technological and accounting support company located at 1624 Hausman Road, Allentown, Pennsylvania 18104.

11.     At all relevant times, Defendant is and has been an employer employing more than 15 employees.

12.     At all relevant times, employees of Defendant acted as agents and servants for Defendant.

13.     At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of their employment under the direct control of Defendant.

14.     At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

15.     At all relevant times hereto, Plaintiff was an "employee" of Defendant within the meanings of the laws at issue in this suit and is accordingly entitled to the protection of said laws.

16.     At all relevant times hereto, Defendant was an "employer" and/or "person" under the laws at issue in this matter and is accordingly subject to the provisions of said laws.

17.     This Honorable Court has personal jurisdiction over the Defendant.

### **FACTS**

18.     On or about August 14, 2023, Ms. Infante began employment with KDG in the position of Human Resources Administrator and Office Manager.

19.     Throughout her employment with KDG, Ms. Infante performed her job duties in a dedicated and professional manner.

3

20.    Despite her dedication, loyalty and satisfactory performance, Ms. Infante was subjected to harassment and discrimination on the basis of her sex, culminating in her wrongful termination on June 10, 2025.

21.    The duties of Ms. Infante's position with KDG, particularly in relation to human resources and payroll functions, allowed her to observe a consistent pattern of discrimination against female employees at the company.

22.    During the course of her employment, Ms. Infante noticed that the vast majority of involuntary terminations at KDG were of female employees.

23.    She observed that, despite KDG being a relatively small company with only about forty employees, there were at least seven involuntary terminations of female employees or situations resulting in female employees feeling forced out in the less than two years that she was employed with the company.

24.    A significant number of the terminated or separating female employees were subsequently replaced by men.

25.    On one occasion, the company was seeking to hire for the accounting team, which at that point consisted of female employees.

26.    While discussing the recruiting efforts, Kyle David, the President and Chief Executive Officer, in a clear preference for male employees, stated, "it would be nice to have a man on the team."

27.    In the course of performing her job duties relating to payroll, Ms. Infante also observed that female employees at KDG were consistently paid less than male employees for the same role and doing the same work, in blatantly differential treatment.

28.     For example, Ms. Infante discovered that two female employees in Assistant Vice President roles were paid a considerably lower annual base salary than a male employee in the same Assistant Vice President position.

29.     Similarly, a newly hired male employee in a Project Manager role was awarded a higher salary than that of a similarly situated female Project Manager who had been with the company for over two years.

30.     In or around June 2025, during the course of her employment with KDG, Ms. Infante made a payroll error.

31.     She promptly reported this error to management, and then swiftly corrected and remedied the mistake without any loss to the company.

32.     Despite the prompt and diligent resolution of this error, KDG reacted harshly and immediately terminated Ms. Infante on June 10, 2025.

33.     KDG failed to follow its own progressive discipline policy in terminating Ms. Infante, despite all leaders in the company being expected to follow progressive discipline and historically working with Human Resources to adhere to established procedures.

34.     Ms. Infante's termination is consistent with the manner in which KDG treats its female employees, who are held to a higher standard than male employees, and many of whom were also involuntarily terminated like Ms. Infante.

35.     For example, a male employee made a mistake, at or around the same time of Ms. Infante's payroll error, resulting in the company losing a client that was paying in excess of $30,000 per month and the male employee received no discipline.

36.     This is in stark contrast to Ms. Infante's treatment.

37.    When Ms. Infante made a payroll error, reported and corrected it, resulting in no loss to the company, she was terminated.

38.    Given the foregoing, Ms. Infante maintains that she was discriminated against and harassed on the basis of her sex, and that the proffered reason for her termination is merely pretext for discrimination.

### COUNT I
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq.**

39.    Plaintiff Nicole Infante repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

40.    Based on the foregoing, Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

41.    In discriminating against and harassing Ms. Infante because of her sex, Defendant violated Title VII.

42.    Defendant's violations were intentional and willful.

43.    Defendant's violations warrant the imposition of punitive damages.

44.    As the direct and proximate result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff Nicole Infante has sustained a loss of earnings and earning potential, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

6

## COUNT II
**Pennsylvania Human Relations Act, 43 P.S. § 951, <u>et seq</u>.**

45.     Plaintiff Nicole Infante repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

46.     Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act.

47.     In discriminating against and harassing Ms. Infante because of her sex, Defendant violated the Pennsylvania Human Relations Act.

48.     As the direct and proximate result of Defendant's violation of the Pennsylvania Human Relations Act, Plaintiff Nicole Infante has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

## PRAYER FOR RELIEF

49.     Plaintiff Nicole Infante repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Nicole Infante respectfully requests that this Court enter judgment in her favor and against Defendant the Kyle David Group, LLC, and Order:

   a.  Appropriate equitable relief including reinstatement or front pay;

   b.  Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and harassment;

   c.  Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

   d.  Defendant to pay Plaintiff punitive damages;

e.  Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

f.  Defendant to pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's attorneys' fees;

g.  Plaintiff be granted any and all other remedies available under Title VII, and the PHRA; and

h.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Nicole Infante hereby demands trial by jury as to all issues so triable.


BELL & BELL LLP

By:    */s/ Christopher A. Macey, Jr.*
       Christopher A. Macey, Jr., Esquire
       One Penn Center
       1617 JFK Blvd. – Suite 1254
       Philadelphia, PA 19103
       (215) 569-2285

       *Attorneys for Plaintiff Nicole Infante*

Dated: August 3, 2026

8